Price, J.
The plaintiff in error commenced an action in mandamus, against the defendant in error, *151 in the circuit court, alleging in substance, that the relators, on and prior to the eighteenth day of June, 1903, were the owners in fee simple of a certain lot in Sprague addition to Toledo, together with the “buildings and appurtenances thereto belonging, and that on that day the Toledo, St. Louis & Western Railroad Co., a corporation having its line of railway in that city, filed its petition in the probate court of Lucas county, the object and prayer of which was to appropriate for railroad purposes, the lot of relators. Summons was issued and served upon them; -that the preliminary hearing, provided for by the statute in such cases, was had, and it was found and determined by the court that the right to appropriate the premises existed; that there was a necessity therefor, and that the parties had been unable to agree upon a price to be paid. Thereupon a jury was duly ordered by the court, to assess compensation for the premises appropriated. A jury was drawn, summoned and impaneled for that purpose, which, on the thirteenth day of August, after due deliberation, returned into court a verdict for $8,411. Each party filed a motion for new trial. These motions for new trial were overruled, and upon the twenty-fifth day of August, 1903, the probate court entered an order approving and confirming the verdict.
Thereafter, on the twenty-first day of September, 1903, the railroad company filed its petition in error in the court of common pleas, for the purpose of obtaining a reversal of the order and judgment of the probate court, and to procure a stay of further proceedings in the probate court, caused to he filed a bond for such stay in double the amount of the judg *152 ment, under the provisions of section 6718, Revised Statutes.
It is further alleged, that ever since the entry of the judgment confirming the verdict, the railroad company has failed and neglected and still fails and neglects to pay the relators the amount of the verdict, or deposit the same with the probate judge.
After the expiration of thirty days from the judgment of confirmation, and within ten days thereafter, the relators filed their motion in the probate court, ashing that it order the railroad company to pay or deposit the amount of the verdict, and costs, as required by law. Of this motion the company had due' notice, and it brought to the knowledge of the probate judge that the error proceedings were then pending in the court of common pleas and stay bond given, and on the thirtieth day of September, 1903, the motion was overruled, and the court refused to-make or enter the order prayed for, to which relators excepted. The relators insist that it was the plain and mandatory duty of the probate judge, upon hearing said motion, to have granted the same, and that by reason of the failure of the court to enter the order desired, they suffer and will continue to suffer irreparable injury, for which they have no adequate remedy at law; that they cannot sell or exchange their property so appropriated, and that the refusal of the court casts a cloud and unjust burden upon their premises. It is alleged that defendant in error, Richard Waite, now is, and on all dates mentioned herein, was the duly elected and qualified probate judge of Lucas county, before whom all of said proceedings were had..
The prayer of the petition is for an order on the probate judge to correct the journal of that court,, *153 and that he be required to make and enter the order asked for in the above motion.
• The petition sets out by exhibit, the entry of the order of the probate court overruling the motion of relators, from which it appears that the court found as a fact, that the railroad company, on the twenty-first day of September, 1903, had filed its petition in. error in the court of common pleas, to reverse the order and judgment confirming the verdict, and that on. the twenty-sixth day of the same month it had filed, in that court an undertaking in supersedeas under-section 6718, Bevised Statutes, and on that account, overruled the motion of relators.
The case came on for hearing in the circuit court, and in the opinion of that court, a new bond should, be given as provided for in section 6725, Bevised Statutes, in order to more fully protect the interests-of defendants in error in the common pleas court,, and gave permission to the railroad company to apply to the court of common pleas for leave to give such undertaking, and it was given, and by leave the-same was set up by answer of the company in this case in the circuit court.
Thereupon the circuit court found the latter bond sufficient in law to. stay all proceedings in the probate court, until the petition in error of the railroad company, filed in the court of common pleas, could be-heard, and refused to grant the writ of mandamus.
Did the circuit court err?
It would seem from the mere statement of the case, that its judgment is sound. It is not the purpose of mandamus to control the judgment of an inferior court, nor can an application for the writ be treated as a petition in error to bring in review alleged errors. A judge may be required to exercise *154 ■ a judgment in causes before bim, but not to exercise it in any particular way.
Tbe relator’s motion in tbe probate court brought ■on a controversy. The railroad company having taken the case on error to the court of common pleas, and furnished an undertaking for stay of further proceedings on the judgment confirming the verdict, ■contended that it could not be lawfully required to deposit the condemnation money, or pay it to the landowner, until after judgment in the error proceedings. The company did not take possession of the .property appropriated. Therefore the probate .judge decided, and rendered the judgment, that the landowners were not entitled to the money while proceedings in error were pending. If he is mistaken, it is an error of judgment which cannot be reviewed or controlled by mandamus.
But it is urged in argument that the probate judge had but one course to adopt when the landowner, •thirty days after judgment confirming the verdict, ■demands an order that the railroad company deposit or pay the money, and that is to grant the order, and disregard the error proceedings. That might be true, if no undertaking in supersedeas or for stay of execution of the judgment has been filed and approved. Section 6437, Revised Statutes, provides:
“Either party may file a petition in error in the court of common pleas of the proper county, within thirty days from the rendition of the final judgment in the probate court and the proceedings in error ■shall be conducted as in civil actions; * # *
The right to prosecute error carries with it all the auxiliary accompaniments of proceedings in error, ■such as a suspension of the execution of the judg *155 .ment sought to be reversed, and the holding it in abeyance until the errors assigned are heard. In this respect the probate court is not independent of the law governing error cases, for such “proceedings in error shall be conducted as in civil actions.” We are all familiar with the practice in civil actions, and we can perceive no reason to regard the probate •court as above the restraints which pertain to error proceedings in general.
The railroad company being out of possession of the premises, it would be a harsh rule that, notwithstanding pending error proceedings, accompanied "by ample bond to protect all the rights of the landowner, the company could be compelled to deposit the amount of the verdict and judgment, or pay it •over to the landowner. If deposited with the probate judge, the landowner could lift it and appropriate it. It was so decided in Meily et al. v. Zurmehly, 23 Ohio St., 627. And if the judgment should be reversed and a less verdict returned on a retrial, the company might have some trouble to get back the difference between the two verdicts. Such .a disadvantage is not contemplated by the law.
Again, when we heard counsel in oral argument -of this case, it was stated and admitted in open court, that since the decision of the circuit court, the court of common pleas has heard and decided the error case, reversing the judgment of the probate court, so that there is now no judgment there, and it would be folly to require the probate judge to order the railroad company to deposit the condemnation money. There is none due or payable now, and we would not command that court to do a foolish or •fruitless thing.
*156 We agree with the circuit court and affirm the judgment.

Judgment affirmed.

Spear, C. J., Davis, Shauck, Crew and Summers, JJ., concur.